## Carpenter v. Allen.

Dec. 9, 1941.

Grannis Bach for appellant.

A. H. Patton and Ervine Turner for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Ruth Carpenter and Goebel Allen were married in Whitesburg the latter part of March, 1938. Miss Carpenter was 18 years of age at that time, though she stated that she was 22. She gave her name to the clerk

as Shackelford. Allen, a widower, was 38. He had four children, the oldest of whom was married and lived at the Allen home in Jackson. After the marriage the couple returned to Jackson and spent the night at the Allen home. The next day arrangements were made for the appellant to stay at a boarding house. The marriage was kept secret and she continued attending Lees Junior College, where she was a student. Allen saw his wife frequently and paid her board. Previous to the marriage he had signed notes for her at the college. When the school term ended the appellant left Jackson and went to her father's home. The record shows that there had been no trouble of any consequence between the couple up until that time (June 3rd). Notwithstanding this, suit was filed by the appellant on June 9th in the Magoffin Circuit Court against Allen for $25,000. She did not request a divorce. She alleged in that petition that she was pregnant; that Allen was the father of the child; and that she had no money or property with which to maintain herself or to defray the expenses of her anticipated confinement. Shortly after that petition was filed the couple went to Covington, where they visited Allen's sister. Miss Carpenter testified that, while in Covington, at the instance of Allen, she underwent an abortion. Allen's story is that he did not know that his wife was pregnant and that he knew nothing of the abortion. Shortly after the parties came back to Jackson (Allen returning first), the appellee instituted this suit for a divorce. He charged that his wife had been unfaithful to him. He alleged that she had told him that she was in love with his sister's husband, Guy Frazier. The appellant denied this in her answer and counterclaim and sought judgment for $10,000. She later filed an amended answer and counterclaim in which she sought a divorce. While she testified that she had had no improper relations with Frazier, she said that she understood that Frazier and his wife had separated over her. There is in evidence a note which the appellant admits Frazier gave her, wherein Frazier said that he was in love with her and that some day they would be happy together. Allen testified that when his wife returned from Covington she told him that she was in love with Frazier and that she contemplated going back to him. Judgment was entered in March, 1939, dissolving the bonds of matrimony between the parties, with the question of alimony continued for further adjudication.

Proof was offered that Allen owned property for which he paid some $9,000 or $10,000, and as to his income as circuit clerk. The proof as to his income ranged from $1,200 a year to a considerably larger sum. He testified that he owned no property, and deeds were introduced in his behalf under which he had conveyed his real estate to his former wife two or three years previously. These deeds were never recorded and were in the possession of the mother of Allen's former wife.

The final judgment from which this appeal is being prosecuted awarded the appellant the sum of $300 as alimony, subject to a credit of $69 "paid and obligated to be paid by the plaintiff (Allen) to Lees Collegiate Institute." The sum of $25 was allowed the appellant's attorney.

The question is: Are the awards sufficient? While both are small, we think they are. Neither Allen nor Miss Carpenter appears in a very favorable light. She said that there was no trouble of any consequence between her and Allen prior to the time she went to her home on June 3rd, yet six days thereafter she filed suit for $25,000 alimony and made no request for a divorce. She also said that she received the questionable note from Frazier which she kept, for a time at least, and that she understood that Frazier and his wife separated over her. Furthermore, when Allen filed this suit for divorce she answered seeking $10,000 alimony, and it was only by way of amended answer that she sought a divorce from him. While there is some contention that Miss Carpenter's life has been ruined, she was following her profession of teaching in 1939. Under the circumstances heretofore related, we are not disposed to disturb the finding of the chancellor as to the amount of alimony allowed.

While the award of $25 for Miss Carpenter's attorney is small, we are not disposed to disturb the chancellor's ruling on this point, in view of the circumstances and conditions recorded in this case. See Braden v. Braden, 280 Ky. 563, 133 S. W. (2d) 902.

Judgment affirmed.